**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Delia CARDENAS, Defendant–
Appellant.**

No. 02–50348.

D.C. No. CR–01–03464–J–02.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 12, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Delia Cardenas appeals her jury trial conviction for one count of aiding and abetting the importation of marijuana, in viola-

---

tion of 21 U.S.C. §§ 952 and 960, and one count of aiding and abetting possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cardenas contends the district court's responses to the jury's questions during deliberations were confusing and an incorrect statement of the law. Because Cardenas failed to object on the grounds that the instructions were a misstatement of the law, we review that issue for plain error, *see United States v. McIver*, 186 F.3d 1119, 1130 (9th Cir.1999), and find none. *See United States v. Sayetsitty*, 107 F.3d 1405, 1412 (9th Cir.1997) (stating that "[t]he elements necessary to convict an individual under an aiding and abetting theory are (1) *that the accused had the specific intent to facilitate the commission of a crime by another*, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying offense, and (4) that someone committed the underlying offense" (emphasis in original) (citation omitted)). We review for an abuse of discretion the district court's formulation of its answers to a jury question, *United States v. Amlani*, 111 F.3d 705, 716 (9th Cir. 1997), and find none. *See McIver*, 186 F.3d at 1130.

Cardenas also contends that there was reversible error because she was not present at a critical stage of the proceedings, and the district court judge was not present for the reading of the supplemental instructions. Because Cardenas knowingly and voluntarily stipulated to the proce-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

dures followed by the district court, we find no plain error. *See United States v. Romero*, 282 F.3d 683, 689 (9th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 228, 154 L.Ed.2d 96 (2002); Fed.R.Crim.P. 43(b)(3).

**AFFIRMED.**